**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BRIAN MADUNEZIM, | : | Civil No. 1:26-CV-02291 |
| Plaintiff, | : | |
| v. | : | |
| JOSEPH QUINN, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

# MEMORANDUM

Before the court is a civil rights complaint filed by Plaintiff Brian Madunezim pursuant to 42 U.S.C. § 1983. (Docs. 1, 2.) Also pending are Plaintiff's motions to proceed *in forma pauperis*, for the appointment of counsel, and to amend his complaint. (Docs. 3, 5, 10, 11, 12, 15.) The court will grant Plaintiff's motions to proceed *in forma pauperis* and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The court will dismiss the complaint because it joins four unrelated claims into a single action, but grant Plaintiff the opportunity to amend his complaint by severing the unrelated claims. The court will also allow Plaintiff to bring his severed, unrelated claims before this court by filing additional civil actions. The court will deny Plaintiff's motions for appointment of counsel. Likewise, the court will deny Plaintiff's motion to amend his complaint, which attempts to add additional parties as moot.

## BACKGROUND AND PROCEDURAL HISTORY

On August 10, 2026, the court received and docketed a complaint and a statement of facts filed by Plaintiff, an inmate currently housed at York County Prison. (Docs. 1, 2.) The complaint sets forth the names and addresses of thirty defendants across twenty-two pages. (Doc. 1.) A statement of alleged facts and associated claims is filed separately under the title "Statement of Facts." (Doc. 2.) Reading these two filings together as a single document, the court construes these to be the complaint in this matter.

Plaintiff's statement of alleged facts sets forth four discrete series of events that occurred at York County Prison and sets forth four sets of discrete claims to each respective series of events. (Doc. 2.) What Plaintiff titles "Statement of Facts 1" discusses medical treatment he received following a basketball tournament on August 14, 2025. (Doc. 2, p. 1.)[1] "Statement of Facts 2" discusses events that started on December 8, 2025, associated with alleged denial of access to the courts. (Doc. 2, pp. 2–4.) "Statement of Facts 3" discusses alleged disciplinary action brought against him at the facility. (Doc. 2, pp. 5–6.) "Statement of Facts 4" discusses prosecutorial and judicial misconduct in his underlying criminal case. (Doc. 2, pp. 7–9.)

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

Plaintiff also filed a certified motion to proceed *in forma pauperis*, prisoner trust fund account, and motion to appoint counsel. (Docs. 3, 4, 5.) That same day, the court issued a *Pro Se* Letter advising Plaintiff of the court case number and providing him with pertinent federal and local rules. (Doc. 6.)

On August 21, 2026, the court received and docketed a certified copy of Plaintiff's prisoner trust account statement. (Doc. 8.)

On August 24, 2026, the court received and docketed a supplement to Plaintiff's motion to appoint counsel and a motion to amend the complaint. (Docs. 10, 11.) In the motion to amend the complaint, Plaintiff seeks to add three additional defendants and does not include any proposed amended pleadings. (Doc. 10.)

On September 1, 2026, the court received and docketed a second motion for leave to proceed *in forma pauperis*. (Doc. 12.)

On September 3, 2026, the court received and docketed a third motion for leave to proceed *in forma pauperis*. (Doc. 15.)

The court will grant Plaintiff's three motions to proceed *in forma pauperis* and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## Jurisdiction and Venue

The court has jurisdiction over Plaintiff's 42 U.S.C. § 1983 action pursuant to 28 U.S.C. § 1331, which allows a district court to exercise subject matter

jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States. Venue is proper in this district because the alleged acts and omissions giving rise to the claims occurred at York County Prison in York County, Pennsylvania, which is located in this district. *See* 28 U.S.C. § 118(b).

## STANDARD

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted[.]" The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915 is identical to the legal standard used when ruling on Fed. R. Civ. P. 12(b)(6) motions to dismiss. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109–10 & n.11 (3d Cir. 2002).

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Bell Atlantic Corp.*, 550 U.S. at 556).

Under Rule 12(b)(6), the court must accept all well pleaded allegations as true and construe all reasonable inferences in favor of the nonmoving party. *Doe*

*v. Univ. of Scis.*, 961 F.3d 203, 208 (3d Cir. 2020). The pleadings of self-represented plaintiffs are held to a less stringent standard than formal pleadings drafted by attorneys and are to be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011), *as amended* (Sept. 19, 2011). Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

## DISCUSSION

### A. The Complaint Will Be Dismissed.

This complaint is "best described as a 'kitchen sink' or 'shotgun' complaint because it essentially seeks to bring 'every conceivable claim against every conceivable defendant.'" *Anderson v. First Premier Bank*, No. 25-CV-5502, 2025 WL 3214776, at *6 (E.D. Pa. Nov. 17, 2025) (quoting *Talley v. Harper*, No. 2: 14-CV-1411, 2017 WL 413069, at *2 (W.D. Pa. Jan. 31, 2017)). Here Plaintiff attempts to combine multiple claims against a plethora of defendants. Courts have "repeatedly criticized" kitchen-sink pleading as "troublesome for many reasons," including that it "harms the plaintiff who brings it," because any "genuine dispute becomes almost impossible to discern when it is buried in pages of various allegations[,]" some of which may not rise to the level of a constitutional claim.

*Anderson*, 2025 WL 3214776, at *6 (internal quotations and citations omitted). Federal Rule of Civil Procedure 18(a) states that "[a] party asserting a claim, . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Federal Rule of Civil Procedure 20 allows a plaintiff to join multiple defendants in one action if: (a) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences"; and (b) "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20. "For courts applying Rule 20 and related rules, 'the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.'" *Hagan v. Rogers*, 570 F.3d 146, 153 (3d Cir. 2009) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966)).

"But this application, however liberal, is not a license to join unrelated claims and defendants in one lawsuit." *Pew v. Little*, No. CV 22-1488, 2024 WL 967823, at *2 (E.D. Pa. Mar. 6, 2024) (quoting *McKinney v. Prosecutor's Off.*, No. CIV. 13-2553 KM MCA, 2014 WL 2574414, at *14 (D.N.J. June 4, 2014)). "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *Williams v. Miller*, No. 25-CV-6293, 2026 WL 209815, at *8 n. 12 (E.D. Pa. Jan. 27, 2026)

(quoting *Gorrio v. Terra*, No. CV 23-4366, 2023 WL 8373167, at *6 (E.D. Pa. Dec. 4, 2023)). That is exactly what Plaintiff attempts to do in his current complaint. (Doc. 2.) Courts "have frowned on prisoners' attempts to lump together their multifarious grievances about life in a single prison." *McKinney*, 2014 WL 2574414, at *15 (citation omitted). To remedy a misjoinder, a court may "add or drop a party" or sever any claims. Fed. R. Civ. P. 21.

Here Plaintiff's complaint comprises a misjoinder of multiple claims and multiple parties. Therefore, the court will dismiss the complaint in its entirety and allow Plaintiff to raise one series of events against the relevant defendant(s) in an amended complaint. The remaining, separate series of events can be addressed in separate complaints filed in separate cases. *Anderson v. Kauffman*, No. 24-2932, 2026 WL 1397313, at *3 (3d Cir. May 19, 2026) (Finding that the district court should not limit the scope of a complaint with a misjoinder claims, but allow the plaintiff to amend his complaint in its entirety).

Any amended complaint filed in this action will be limited to a related series of events or occurrences within York Prison, will be titled "Amended Complaint," and will be filed under the above-captioned case number. The court will forward multiples copies of the civil rights complaint form to Plaintiff to assist in his endeavor to separate his actions and seek full redress of all his claims.

**B. Plaintiff's Motion to Amend His Complaint Will Be Denied.**

Plaintiff filed a motion to amend his complaint seeking to add three defendants. (Doc. 10.)

Local Rule 15.1 states, in pertinent part, the following:

> When a party files a motion requesting leave to file an amended pleading, the proposed amended pleading must be retyped or reprinted so that it will be complete in itself including exhibits and shall be filed on paper as a separate document or, in the Electronic Filing System, as an attachment to the motion.

Local Rule 15.1(a). Furthermore, Local Rule 7.5 requires the moving party to file a brief in support of his motion within fourteen days.

Here, Plaintiff simply filed a motion identifying three additional defendants and their addresses. (Doc. 10.) There is no proposed amended pleading as required by Local Rule 15.1(a), and there is no brief in support of the motion as required by Local Rule 7.5. Seeing as the court will be dismissing the complaint and granting Plaintiff leave to amend, the court will deny the motion to amend as moot as Plaintiff is receiving the relief he seeks, just not in the terms he requested.

**C. Plaintiff's Motions for Appointment of Counsel Will Be Denied.**

Plaintiff has filed a motion for appointment of counsel and a motion to supplement that motion both asserting that he is unable to afford counsel, that imprisonment will greatly limit his ability to litigate the action, that a trial will

likely involve confliction testimony, and that he has made efforts to obtain legal counsel. (Docs. 5, 11.)

Although prisoners have no constitutional or statutory right to appointment of counsel in a civil case, the court has discretion to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see Houser v. Folino*, 927 F.3d 693, 697 (3d Cir. 2019). The appointment of counsel is a privilege, not a statutory or constitutional right. *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances after a finding that the plaintiff's case has arguable merit in fact and law. *Tabron*, 6 F.3d at 155. If the court finds that the plaintiff has crossed this threshold inquiry, the court should consider the following factors in deciding whether to request a lawyer to represent an indigent plaintiff:

(1) the plaintiff's ability to present his or her own case;
(2) the complexity of the legal issues;
(3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
(4) the plaintiff's ability to retain counsel on his or her own behalf;
(5) the extent to which a case is likely to turn on credibility determinations, and;
(6) whether the case will require the testimony of expert witnesses.

*Tabron*, 6 F.3d at 155–57. This list of factors is non-exhaustive, and no single factor is determinative. *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002) (citing *Parham v. Johnson*, 126 F.3d 454, 458 (3d Cir. 1997)). Instead, these

factors serve as guideposts for the district courts to ensure that the precious commodity of volunteer attorney time is not "wasted on frivolous cases." (*Id.*)

Plaintiff has not made a threshold showing for the appointment of counsel in a civil case as there is no operative complaint in this matter. As discussed above, the court will dismiss the complaint with leave to amend. Without an operative complaint in this matter, the Plaintiff cannot establish that his claims have arguable merit in fact and law. Therefore, the appointment of counsel will be denied without prejudice at this time. Should it become apparent that counsel is necessary later in this action, Plaintiff may renew his motion or the court may appoint counsel *sua sponte*.

## CONCLUSION

For the above-stated reasons, the court will grant the pending motions to proceed *in forma pauperis* and dismiss the complaint without prejudice. Plaintiff may timely amend his complaint to cure the defects set forth above. Plaintiff's motions for appointment of counsel and supplemental motion will be dismissed without prejudice.

An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: November 3, 2026